IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMIR JAMEL KHAN,

                Plaintiff,

v.                                                   OPINION and ORDER

LOGEN J. LATHROP, KASSANDRA M. KIMBLER,                19-cv-979-jdp
and JERRI L. EVANS,

                Defendants.

---

Plaintiff Amir J. Khan, appearing pro se, is a prisoner at Wisconsin Secure Program Facility. Khan alleges that defendant prison officials failed to promptly address his threats of suicide, allowing him to overdose on medication. I granted Khan leave to proceed on Eighth Amendment claims against defendants Logen Lathrop, Jeri Evans, and Kassandra Kimbler, three officers who interacted with Khan before he twice swallowed handfuls of medication.

Both sides have filed motions for summary judgment. Dkt. 24 and Dkt. 29. Khan has filed a motion to submit his reply in support of his own motion for summary judgment three weeks late after having difficulties promptly conferring with his jailhouse lawyer. Dkt. 54. I will grant that motion and accept Khan's reply.

But after considering both sets of summary judgment briefing, I am not convinced that the parties have fully joined the issues necessary to resolve the case. One problem is that defendants' summary judgment materials have potentially raised new claims for Khan to pursue. Khan contends that Lathrop, Evans, and Kimbler intentionally ignored his pleas that he was suicidal or delayed in intervening before he could ingest handfuls of medication. Defendants submit proposed findings of fact suggesting that one reason for the delay in extracting Khan from his cell after he first swallowed a handful of pills but before he swallowed

pills a second time was a mistake by an unnamed "control sergeant," who responded to an emergency call by sending the response team to the wrong unit. *See* Dkt. 31, at 4.

Khan didn't name this sergeant as a defendant in the case, mention the sergeant's actions in his complaint, or include any state-law negligence claims against the sergeant or any other official. There may be reasons why Khan did not do so, such as that a plaintiff cannot bring a Wisconsin-law negligence claim against a state official without first timely submitting a "notice of claim." Wis. Stat. § 893.82(3). But because of Khan's pro se status, I am reluctant to consider proposed findings that could shift blame from the named defendants to another party without giving Khan a chance to raise claims against that other party. So I will give Khan a short time to submit a supplement to his complaint raising any new claims he might wish to bring based on the facts presented by defendants in their summary judgment briefing. If Khan indeed files a supplement, I'll screen those claims and set a deadline for supplemental summary judgment filing for any new properly stated claim. If Khan chooses not to file a supplement, I'll rule on the parties' cross-motions for summary judgment.

Another problem is that Khan has changed a key part of his theory of harm. In his complaint and his own motion for summary judgment, he contends that he swallowed significant amounts of either aspirin or acetaminophen. Defendants relied on that in procuring expert testimony interpreting Khan's medical records to address the question whether he was actually harmed by those particular medications. *See* Dkt. 21. But in his later filings opposing defendants' motion for summary judgment and supporting his own motion, he says that the pills he swallowed must have been ibuprofen, because the lab results showed elevated glucose and creatinine levels. Dkt. 36-1, at 14. It's not implausible to suggest that an ibuprofen overdose might harm one's kidneys. National Kidney Foundation, *Pain Medicines (Analgesics)*,

https://www.kidney.org/atoz/content/painmeds_analgesics (last visited May 7, 2021). But Khan asserted that he overdosed on ibuprofen instead of aspirin or acetaminophen only after defendants already provided their expert testimony premised on an aspirin or acetaminophen overdose. Regardless whether Khan amends his complaint to include negligence claims, I'll allow defendants to supplement their summary judgment materials with testimony—expert or otherwise—about an ibuprofen overdose.

Khan has also filed a motion asking the court to recruit counsel for him. Dkt. 37. To show that it is appropriate for the court to recruit counsel, a plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). To meet this threshold requirement, this court generally requires plaintiffs to submit letters from at least three attorneys to whom they have written and who have refused to take the case. Khan has submitted correspondence showing that he has contacted three lawyers without success obtaining representation, so he has met this requirement.

This court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc). The court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Khan says that he has sustained head injuries that cause him cognitive impairments, he doesn't understand the law, that it is difficult to converse with his jailhouse lawyers to timely prepare documents in this case because they live on different units, and that the case involves complex medical issues. But I am not convinced that this case is one requiring the assistance of counsel. Khan's filings in this case have been relatively well prepared. It's impossible to tell how much of this is due to help from his jailhouse lawyer. But he continues to receive help, and Khan's concerns about delays in conversing with his jailhouse lawyer can be addressed by reasonable extensions of time where need be. And given the quality of his filings so far, the current tasks facing Khan do not require recruiting counsel for him: the court already has most of what it needs to rule on the parties' summary judgment motions, and he should be able to supplement his complaint and his summary judgment materials. If, after those tasks have been completed, the case truly boils down to complex medical issues, I will reconsider denial of Khan's motion for counsel. But for now I will deny it without prejudice.

## ORDER

IT IS ORDERED that:

1. Plaintiff Amir J. Khan's motion for an extension of time to file a reply in support of his motion for summary judgment, Dkt. 54, is GRANTED.

2. Plaintiff's motion for the court's assistance in recruiting counsel, Dkt. 37, is DENIED without prejudice.

3. Plaintiff may have until May 28, 2021, to submit a supplement to his complaint as directed in the opinion above.

4. The current schedule is STRUCK. The court will set a new schedule following plaintiff's response to this order.

Entered May 11, 2021.

                                            BY THE COURT:

                                            /s/

                                            _____
                                            JAMES D. PETERSON
                                            District Judge