IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMIR JAMEL KHAN,

                Plaintiff,

v.                                                OPINION and ORDER

LOGEN J. LATHROP, KASSANDRA M. KIMBLER,        19-cv-979-jdp
and JERRI L. EVANS,

                Defendants.

---

Plaintiff Amir J. Khan, appearing pro se, is a prisoner at Wisconsin Secure Program Facility. Khan alleges that defendant prison officials failed to promptly address his threats of suicide, allowing him to overdose on medication. I granted Khan leave to proceed on Eighth Amendment claims against defendants Logen Lathrop, Jeri Evans, and Kassandra Kimbler, three officers who interacted with Khan before he twice swallowed handfuls of medication.

Both sides filed motions for summary judgment. I reviewed those materials and concluded that the parties might not have fully joined the issues necessary to resolve the case, for two reasons: (1) defendants submitted proposed findings of fact at least partly shifting the blame for delays in Khan's cell extraction to an unnamed "control sergeant" who responded to an emergency call by sending the response team to the wrong unit; and (2) Khan submitted evidence in support of a theory that he overdosed on ibuprofen rather than the drugs he alleged he had overdosed on in his complaint. Dkt. 60, at 1–3. I gave Khan a chance to submit a supplement to his complaint raising any new claims he might wish to bring based on the facts presented by defendants in their summary judgment briefing, and I stated that I would allow defendants to supplement their summary judgment materials to address Khan's evidence of ibuprofen overdose. *Id.* at 2–3.

Khan has submitted his supplement to the complaint. Dkt. 61. I'll consider this document and Khan's original complaint together to be the operative complaint. Khan has added five new defendants; only the new defendants need answer Khan's new allegations.

Khan contends that officers Kurt Hoeper, Matthew Hanky, and Ricky Stilwell violated the Eighth Amendment by arriving at his cell but failing to remove him and confiscate his pills, leading to his overdose. I will grant Khan leave to proceed on Eighth Amendment claims against Hoeper, Hanky, and Stilwell.

Khan alleges that Sergeant Gary Trostoff was the official who sent the response team to the wrong unit. Khan attempts to bring claims against Trostoff under Eighth Amendment and Wisconsin-law negligence theories. I'll grant him leave to proceed against Trostoff on both theories.

Because Khan has stated new claims and because he raised new facts about his overdose being from ibuprofen, I will set the following schedule for the parties to submit supplemental briefing on their cross-motions for summary judgment:

- Each side's supplemental materials in support of their motions for summary judgment: August 5, 2021.
- Responses to supplemental materials: August 26, 2021.
- Replies in support of supplemental materials: September 7, 2021.

Khan also seeks leave to proceed against Mark Kartman, the facility security director, who Khan says destroyed video evidence of defendants' interactions with him. I take Khan to be attempting to bring access-to-the-courts and negligence claims against Kartman, but these types of claims belong in a separate lawsuit if Khan is able to show that Kartman's actions caused the loss or inadequate settlement of meritorious claims in this or another case. *See Christopher v. Harbury*, 536 U.S. 403, 414 (2002). I will not grant Khan leave to proceed

on claims against Kartman in this case. Nonetheless, the court can still consider Khan's allegations against Kartman: if a prison official destroys video surveillance in a bad faith effort to hide adverse information, a plaintiff may be entitled to sanctions or an inference that the recording contained evidence supporting the plaintiff's claim. *See Bracey v. Grondin*, 712 F.3d 1012, 1019–20 (7th Cir. 2013). The parties should address this issue with their supplemental summary judgment briefing.

ORDER

IT IS ORDERED that:

1. Plaintiff Amir J. Khan is now GRANTED leave to proceed on the following claims:

   - Eighth Amendment claims against defendants Lathrop, Evans, Kimbler, Hoeper, Hanky, Stilwell, and Trostoff.

   - A Wisconsin-law negligence claim against defendant Trostoff.

2. The clerk of court is directed to amend the caption to include defendants Hoeper, Hanky, Stilwell, and Trostoff.

3. The summary judgment briefing schedule is amended as discussed in the opinion above.

Entered July 15, 2021.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge