IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMIR JAMEL KHAN,

                Plaintiff,

v.

LOGEN LATHROP,

                Defendant.

ORDER

19-cv-979-jdp

---

Trial is set for plaintiff Amir J. Khan's Eighth Amendment claim that defendant Logen Lathrop disregarded Khan's threats to harm himself. In my order denying Lathrop's motion for summary judgment on this claim, I concluded that the court would hold a hearing about Khan's request for sanctions regarding the destruction of hallway video that he says would have shown Lathrop's disregard. A videoconference hearing is set for November 19, 2021.

Khan has renewed his motion for the court's assistance in recruiting him counsel, saying that he suffers from psychological disorders and cognitive impairments caused in part by bullets lodged in his brain, and that issues related to depression and self-harm are too complicated for him to litigate. Dkt. 91. He doesn't provide medical evidence supporting his statements. It is difficult to assess Khan's capabilities because at least some of his filings have been prepared by other inmates, but thus far there is no evidence that the litigation has been too complex for him to handle. And what remains is a fairly simple Eighth Amendment claim that Lathrop completely disregarded Khan's threats of self-harm. Khan should be able to present his case by explaining his firsthand account of the events. I will deny Khan's motion for counsel, again without prejudice. If it later becomes apparent that recruitment of counsel is necessary, I will

reconsider his motion. But for now, Khan should prepare for the November 19 hearing and for the January 18, 2022 trial.

Regarding the hearing about destruction of video evidence, Khan submitted a motion to include as a witness a fellow inmate named Dion Mathews. Dkt. 92. Khan followed with an amended request—now styled as a motion for writ of habeas corpus ad testificandum—and a motion to strike the first request. Dkt. 93 and Dkt. 94. I will grant his request to strike the first request and I will consider his amended request. Khan says that Mathews will testify that WSPF Security Director Kark Kartman has a pattern of destroying evidence and has been sanctioned for doing so in two of Mathews's cases in this court, 16-cv-650-slc and 18-cv-454-wmc.

I will deny Khan's motion. As an initial matter, Mathews does not need a writ of habeas corpus ad testificandum to testify by video from the prison. But there are also substantive problems with the proposed testimony. My review of the dockets in the '650 and '454 cases show that neither Kartman nor any other defendant was sanctioned in that case for destruction of evidence. But even if they were, what Khan seeks to do is present evidence of Kartman's prior bad acts to show that he has a propensity to destroy relevant video evidence. That is forbidden under Federal Rule of Evidence 404.

Khan says alternatively that he wishes to use Matthews's testimony to impeach Kartman by "attack[ing Kartman's] credibility." Dkt. 94, at 2. Although Federal Rule of Evidence 608(b)(1) does not permit extrinsic evidence of misconduct, it generally allows cross-examination regarding specific instances of misconduct if they are probative of a witness's character for truthfulness or untruthfulness. *See United States v. Abair*, 746 F.3d 260, 263–64 (7th Cir. 2014) (explaining cross-examination under Rule 608(b)). Calling Mathews as a

2

witness—separate from cross-examination of Kartman—does not fit within the narrow boundaries of Rule 608. So I will not allow Mathews to testify at the hearing.

ORDER

IT IS ORDERED that:

1. Plaintiff Amir J. Khan's renewed motion for the court's assistance in recruiting him counsel, Dkt. 91, is DENIED without prejudice.

2. Plaintiff's request to have Dion Mathews testify at the court's November 19, 2021 hearing, Dkt. 94, is DENIED.

Entered November 10, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge