IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMIR JAMEL KHAN,

                Plaintiff,

v.

LOGEN LATHROP,

                Defendant.

OPINION and ORDER

19-cv-979-jdp

---

Pro se plaintiff Amir J. Khan contends that defendant correctional sergeant Logen Lathrop disregarded Khan's threats to harm himself, allowing him to overdose on medication. Khan is proceeding on an Eighth Amendment claim against Lathrop. Trial is set for Tuesday, January 18, 2022. The court will hold a final pretrial conference by video on January 7, 2022, at 10:00 a.m.

This order follows up on the court's November 19, 2021 sanctions hearing. This order also addresses Lathrop's motions in limine. Dkt. 110 and Dkt. 113. Attached to this order are drafts of the preliminary and posttrial jury instructions, verdict, and voir dire. Counsel for defendant is directed to ensure that WSPF staff print a copy of these documents for Lathrop so that he sees the drafts in advance of the final pretrial conference.

**A. Sanctions**

Earlier in the case, Khan attempted to add claims against Wisconsin Secure Program Facility Director Mark Kartman for destroying video evidence of defendants' interactions with him. I did not allow Khan to proceed on claims against Kartman, but I stated that I could consider whether Khan would be entitled to sanctions or an inference that the recording contained evidence supporting his claims. *See* Dkt. 62, at 2–3 (citing *Bracey v. Grondin*, 712

F.3d 1012, 1019–20 (7th Cir. 2013) (bad-faith destruction of video surveillance to hide adverse information could support sanctions or inference that recording contained evidence supporting plaintiff's claim)); *see also* Fed. R. Civ. P. 37(e) (court may sanction party that intentionally fails to preserve electronically stored information to deprive opponent of the information's use). I directed the parties to address this issue in supplemental summary judgment briefing. Dkt. 62, at 2–3.

I ultimately concluded that a hearing on the issue of sanctions was necessary because defendants' briefing on this issue did not fully explain how officials preserved footage from a vestibule camera while failing to preserve the hallway video. Dkt. 89, at 9–10. In particular, Kartman noted that Khan made two requests for preservation of video evidence: Kartman rejected Khan's first request—made about a week after the incident—for being too vague. *Id.* at 8–9. Kartman then stated that Khan didn't make his second request for preservation until four months later, at which point Kartman responded that "[t]he vestibule video was previously preserved. The range video is no longer available." *Id.* at 9. This explanation didn't make sense because Kartman failed to explain how the vestibule video was "already" preserved given his rejection of Khan's first request, and regardless of this discrepancy, it was unclear why the hallway video wasn't preserved along with the vestibule video.

I set a hearing for November 19. The day before that hearing, Lathrop's counsel submitted an amended declaration from Kartman. Dkt. 96. Kartman said that his recollection of events was refreshed after he recovered another request for preservation by Khan: this request was stored in a paper file separate from the electronic files Kartman consulted when preparing his initial declaration. This newly discovered request, made three days after Khan's first request, included more specifics about the time and location of the video sought to be

2

preserved. Kartman and a supervisor responded to that request by preserving the vestibule video, but by then the hallway video had been recorded over and was no longer available.

At the November 19 hearing, I concluded that there was no evidence that the hallway video was destroyed in bad faith, so there was no basis for sanctioning Lathrop by issuing default judgment against him or granting an adverse-inference instruction against him. But I also noted that the court would not have needed to hold the hearing had counsel provided the court all the relevant information when I asked for it the first time around. I directed Khan to suggest another remedy.

Khan responds by asking me to reconsider my ruling on spoliation sanctions, and to consider options including default judgment, adverse instructions, "in camera examination" of Lathrop's conduct, and monetary sanctions for costs and attorney fees incurred. Dkt. 101. I will deny Khan's motion regarding the severe sanctions that I have already ruled out. There simply is no evidence to suggest that the hallway video was destroyed in bad faith: it is undisputed that the hallway video had a shorter preservation window than the vestibule video and that it had already been recorded over by the time that Khan made his second, more detailed, preservation request.

But Khan and this court were inconvenienced by Lathrop's sloppy briefing on the spoliation issue. It turns out that it was completely unnecessary to go through the time and expense of holding the November 19 hearing because Kartman's supplemental declaration sufficiently explained how the vestibule video was preserved and the hallway video was destroyed. Counsel springing this new information on Khan and the court on the eve of the hearing was unacceptable, particularly given that the discrepancies in Kartman's original account were apparent at the time that counsel submitted his original declaration on this issue.

3

Prison officials cannot be expected to remember events like these off the top of their heads years after the fact. But when a prison official or other witness consults documents and then prepares a declaration with logical holes plainly suggesting that relevant evidence is missing, counsel must double-check their filings to correct such errors. Counsel's decision to submit a clearly flawed initial declaration from Kartman here resulted in wasted time, effort, and money.

Khan asks for attorney fees, but he is proceeding pro se so he has not incurred any such fees. But I conclude that Khan is entitled to whatever expenses he incurred in preparing his motions for spoliation sanctions, Dkt. 97 and Dkt. 101, and filings associated with those motions. I expect such costs to be minimal, particularly given that Khan has efiled his documents and thus did not pay for postage. But even small amounts of funds may matter a great deal to an incarcerated person proceeding in forma pauperis. I will give Khan a short time to provide an accounting of those expenses and I will give Lathrop a chance to respond.

There's no reason to think that the minimal amount of expense that I will order counsel to pay Khan is insufficient to deter future similar sloppiness by counsel. This court has the inherent authority to sanction any party or counsel for abuse of the litigation process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991) (court may issue sanction when party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (internal quotations omitted)); *Fuery v. City of Chicago*, 900 F.3d 450, 463–64 (7th Cir. 2018). Accordingly, I will order counsel to show cause why they should not be fined $500.

B. **Lathrop's motions in limine**

Lathrop has filed seven motions in limine, spread between two filings. Dkt. 110 and Dkt. 113. Khan did not file motions in limine, nor did he file responses to Lathrop's motions.

Khan's claim at trial is limited to his initial interaction with Lathrop around midnight on July 30, 2019, when Lathrop was conducting rounds on Khan's unit. I granted defendants' motion for summary judgment on Khan's claims regarding Lathrop's and other defendants' subsequent interactions with Khan. In his first motion in limine, Lathrop seeks to exclude argument by Khan that Lathrop's actions following the initial encounter were unconstitutional. I agree that Khan may not argue that Lathrop's subsequent actions were unconstitutional because I have already granted summary judgment to Lathrop on that issue. So I will grant this motion in limine. But that does not prevent either side from presenting evidence of Lathrop's later interactions with Khan in an attempt to show Lathrop's state of mind during the initial interaction.

Second, Lathrop seeks to exclude testimony or evidence about other legal proceedings involving him, inmate grievances against him except those from Khan related to this case, and his work personnel file. I will grant this motion. I see no reason why such evidence would be relevant to Khan's Eighth Amendment claim, and even if it was marginally relevant, it would be distracting to the jury. Moreover, Khan has not objected to this motion.

Third, Lathrop seeks to exclude references to the destruction of the hallway camera's footage of his interaction with Khan during rounds. I've already concluded that Lathrop himself should not be sanctioned for the destruction of the video, and the circumstances of the video's destruction are not relevant in proving Khan's claim. So I will grant this motion.

Fourth, Lathrop seeks to preclude Khan from presenting evidence or testimony about other lawsuits against the Department of Corrections or its current and former employees. I will grant this motion in limine for the same reasons I granted Lathrop's motion regarding legal proceedings directly involving him.

5

Fifth, Lathrop seeks to exclude argument, questions, testimony, or evidence regarding causation of physical injury, permanence, future care and treatment, or future pain and suffering. I will grant this motion, with a clarification. There isn't any reason to think that Khan has the knowledge or expertise to analyze hospital records or toxicology reports or to testify about whether his overdose caused him specific physical injuries that will affect him in the future. But Khan may describe his own understanding of his physical health and his personal experience of the overdoses. He can describe any physical or mental symptoms he experienced. He may also cross-examine any witness presented by Lathrop who testifies about whether the overdose caused Khan any physical injuries. Khan may introduce records from his hospital stays, but he may not give opinions about whether the hospital records prove that his overdoses caused him any physical injury.

Sixth, Lathrop asks to be allowed to ask Khan about his two prior felony convictions during cross-examination. Under Federal Rule of Evidence 609, felony convictions may be used to attack a witness's character for truthfulness or untruthfulness. In civil cases, felony convictions "must be admitted, subject to Rule 403," so long as it has not been more than ten years since the witness was released from confinement for those convictions. The convictions at issue here—a 2009 sexual assault conviction and a 2020 battery-by-prisoner conviction—both qualify under this rule. Rule 403 provides that the court "may" exclude relevant evidence if its probative value is "substantially outweighed" by the danger of unfair prejudice. Lathrop says that counsel intends to ask Khan the following question: "You have been convicted of two felonies, correct?" Dkt. 110, at 8. Asking this question would not violate Rule 403, so I will grant this motion in limine.

Lathrop filed a seventh motion in limine following Khan's failure to submit his own witness or exhibit lists. Dkt. 113. Lathrop seeks to exclude Khan from disclosing any witnesses or exhibits now that he has missed his deadline for making those disclosures. I will grant this motion, although Khan remains free to call witnesses or use exhibits from Lathrop's lists.

ORDER

IT IS ORDERED that:

1. Plaintiff Amir J. Khan's renewed motion for sanctions, Dkt. 101, is GRANTED in part as set forth above. The parties should respond as follows:

   - Khan may have until January 25, 2022, to submit an accounting of expenses incurred in preparing his motions for spoliation sanctions. Counsel for defendant Logen Lathrop may have until February 4, 2022, to respond.

   - Defendant's counsel may have until January 25, 2022, to show cause why they should not be fined $500.

2. Defendant's motions in limine, Dkt. 110 and Dkt. 113, are GRANTED, as set forth above.

Entered January 5, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge